# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

DEMETRIA CLARE LUNNY,

                    Plaintiff,

    v.                                6:14-CV-351
                                              (LEK/ATB)

WILLIAM KEVIN LUNNY, SR.,

                    Defendant.

DEMETRIA CLARE LUNNY
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a complaint filed on a form for civil rights actions pursuant to 42 U.S.C. § 1983, together with an application to proceed in forma pauperis ("IFP"), filed by pro se plaintiff, Demetria Clare Lunny. (Dkt. Nos. 1, 2).

## I. **IFP Application**

Although it is very unclear from plaintiff's IFP application whether she qualifies for IFP status, this court will assume for purposes of this Order and Report Recommendation, that she meets the financial criteria.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)

-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

### III. Jurisdiction

#### A. Legal Standards

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* No. 09 Civ. 7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013) (citing *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012); *Henderson ex rel. Henderson v. Shinseki*, __ U.S. __, 131 S. Ct. 1197, 1202 (2011)). Federal courts are mandated to sua sponte examine their own jurisdiction at every stage of the litigation. *Id. See also Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700- 701 (2d Cir. 2000) (court may raise subject matter jurisdiction sua sponte).

Plaintiff is pro se, and the court must interpret plaintiff's complaint liberally. *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008). The court considers all possible grounds for relief that plaintiff could be raising. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

##### 1. Federal Question Jurisdiction

###### a. Section 1983

Federal question jurisdiction pursuant to 28 U.S.C. § 1331 provides a basis for jurisdiction when the plaintiff brings a civil action that arises "under the Constitution, laws, or treaties of the United States." 28 U.S. C. § 1331. Plaintiff has filed this case, using a form for civil rights actions under 42 U.S.C. § 1983. To state a claim under

3

section 1983, the plaintiff must allege both that the defendant has violated plaintiff's rights under either the Constitution or laws of the United States and that the defendant acted "under color of state law." *Rae v. City of Suffolk*, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010); 42 U.S.C. § 1983.

A person acts under color of state law when he or she acts in his or her official capacity "clothed with the authority of state law," or acts under "pretense" of law by purporting to act with official power. *Pleasure Island, Inc. v. City of New York*, No. 12 Civ. 4699, 2013 WL 2311837, at *5-6 (E.D.N.Y. May 24, 2013) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). The requirement that the defendant acted under "color of state law" is jurisdictional. *Lucas v. Riggi*, No. 07-CV-6200, 2008 WL 4758706, at *2 (W.D.N.Y. Oct. 29, 2008) (citing *Polk County v. Dodson*, 454 U.S. 312, 315 (1981)). Private conduct is simply beyond the reach of section 1983 "'no matter how discriminatory or wrongful" that conduct may be." *Id.* (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)).

A private party may act under color of state law if he or she engages in conduct that constitutes willful participation in joint activity with the state. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). The nexus to the state must be so close as to be fairly treated as that of the state itself. *Tancredi v. Metro Life Ins. Co.,* 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted).

In this case, in a very lengthy complaint, including 101 pages of exhibits, plaintiff is suing her husband from whom it appears that plaintiff is separated.

Without elaborating on all of plaintiff's claims,[1] the court finds that there are no allegations that plaintiff's husband acted or is acting under color of state law to violate plaintiff's constitutional rights. As part of her relief, plaintiff asks the court to grant her a divorce, joint custody, and asks that the court engage in a division of the couple's property. As sad as plaintiff's situation appears to be, there is no jurisdiction in federal court under section 1983, and this court must recommend dismissal of plaintiff's complaint.

### b. Domestic Relations

It is well-settled that "'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Panzardi v. Jensen*, No. 13-CV-4441, 2014 WL 905546, at *3 (E.D.N.Y. March 7, 2014) (citing *inter alia In re Burrus*, 136 U.S. 586, 593-94 (1890)). This deference is so strong that the Supreme Court has recognized a "domestic relations exception," which divests the federal courts of the power to issue divorce, alimony, and child custody decrees. *Id.* (citing *inter alia Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004); *Keane v. Keane*, __ F. App'x __, 2014 WL 104095, at *1 (2d Cir. Jan. 13, 2014)).

In the relief section of her complaint, plaintiff asks the court for "divorce . . . support, joint custody," a particular division of property, and $350,000.00. (Compl.

---

[1] The court notes that plaintiff's papers contain the names of her children as well as other identifiers that should be redacted from any public access pursuant to Local Rule 8.1 of the Northern District of New York. Because this court is recommending dismissal with prejudice of this action, the court will also order the Clerk to seal the plaintiff's exhibits and to redact the complaint.

¶ 6) (Dkt. No. 1). It is clear based on the case law cited above that this court has no jurisdiction under any basis to handle plaintiff's complaint. She must take her requests to state court, and this court must recommend dismissal of the complaint in its entirety.

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile. There is no amendment to this action that will allow plaintiff to name her husband in a section 1983 civil rights action under the facts as stated, and there is no way that plaintiff will be able to obtain the relief that she seeks under any basis in federal court.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is

**ORDERED**, that the Clerk redact the complaint itself in accordance with the Local Rule 8.1, and it is

**ORDERED**, that the Clerk of the Court seal the exhibits to this complaint based upon the contents therein, which includes numerous references to minor children and child protective proceedings, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation by regular mail.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 2, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge